# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISON

| | | |
|---|---|---|
| **JUAN SERRATOS** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| **VS.** | § | |
| | § | **4:16-cv-3168** |
| **NABORS DRILLING USA, LP** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Juan Serratos, Plaintiff in the above-captioned cause, makes and files this Plaintiff's Original Complaint complaining of and against Defendant Nabors Drilling, USA, LP.  In support, Plaintiff shows as follows:

### I.

### PARTIES

1.     Plaintiff Juan Serratos is an individual who resides in Texas.

2.     Defendant Nabors Drilling, USA, LP is the assumed names for Plaintiff's employer, a domestic entity doing business in the Southern District of Texas.  It may be served through its registered agent for service, CT Corporation System, 1999 Bryan St.,

Ste. 900, Dallas, Texas 75201-3136.  Plaintiff requests service of process by any means authorized by law.

## II.

## JURISDICTION AND VENUE

3.       The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1331, because the civil actions alleged arise under federal law; specifically Title VII of the Civil Rights Act of 1964 (as amended), which prohibits, in relevant part, employment discrimination based on age and race, 42 U.S.C. § 2000e, et. seq.   Additionally, this Court has jurisdiction based on 42 U.S.C. §1981 which prohibits Racial Discrimination.  Venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred in this district, and Defendant Nabors maintains its headquarters in this district.  The unlawful discrimination and retaliation complained about in this lawsuit occurred in this district.  42 U.S.C. § 2000e-5(f)(3).

## III.

## FACTS

4.       Defendant Nabors Drilling USA, LP ("Nabors"), employed Plaintiff Juan Serratos beginning approximately March 1990.  Plaintiff was effectively fired May 3, 2015. Nabors is an employer with 500 or more employers.

5.       Plaintiff worked for Nabors, advancing to the position of Drilling Supervisor, for approximately 15 years.  In late 2014, regional manager John Marple told Plaintiff that he was too "old" to work as a driller, and that Plaintiff should "go back to Mexico".  On or about January 31, 2015, Marple told Plaintiff there was "no work" for Plaintiff, although

Plaintiff knew this to be false.  Plaintiff complained to Nabors' corporate HR office, and Plaintiff was instructed to go back to work despite Marple's instructions.  However, Nabors did not publically reprimand Marple, and allowed him to remain in his position as Plaintiff's regional manager.

6.      During the next several months, after Plaintiff had reported Marple's behavior and previous attempt to lay Plaintiff off, Plaintiff was subjected to Marple's repeated racial slurs such as "pandejo" and "wet back".  Such statements were witnessed by several other employees.  Plaintiff was denied access to information and equipment necessary to perform his job.

7.      Marple's behavior continued unchecked until, on approximately May 3, 2015, he laid Plaintiff off again claiming that there was "no work."  Plaintiff once again contacted human resources, this time to no avail.

8.      Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in late 2015, and returned the formal charge in January 2016.  The charge number is 846-2015-34364.  Nabors was notified of the charge on or about January 7, 2016.

9.      The EEOC investigated the charge filed by Plaintiff, and issued a right to sue (issued on request) on or about August 5, 2016 (received on or about August 8, 2016).  A copy of the right to sue letter is attached hereto as Exhibit "A".

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     As reflected by Exhibit "A", Plaintiff timely filed a charge of discrimination against Defendant with the EEOC.  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

## V.

## RACIAL DISCRIMINATION UNDER TITLE VII

11.     Plaintiff is a latino male employee protected under Title VII, 42 U.S.C. §200e(f).

12.     Nabors is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).  At the relevant times hereto, John Marple was employed by Defendant Nabors as a Regional Manager with authority to hire and fire employees.

13.     Defendant intentionally discriminated against Plaintiff because of his race in violation of Title VII, 42 U.S.C. §2000e-2 by racially harassing, denying employment opportunities, and treating Plaintiff differently than employees of other races.

14.     As alleged herein, Plaintiff was subjected to racially discriminatory intimidation, ridicule and insults which were so severe and/or pervasive that they altered the conditions of Plaintiff's employment and created an abusive working environment.

## VI.

## AGE DISCRIMINATION

15.     Plaintiff is 56 years old, and is a covered individual under 29 U.S.C. §631(a) and satisfies the definition of employee as set out above and in 29 U.S.C. §630(f) of the ADEA.  Defendant is and was at all times relevant hereto an employer as defined by the

ADEA.  Specifically, Defendant had 15 or more employees during each working day for the 20 or more calendar weeks in the current and preceding calendar years, and otherwise satisfies the definition of employer as that term is defined both by Title VII and the ADEA, 29 U.S.C. §631(a).

16.     Defendant is and was at all times relevant hereto an oil drilling company involved in interstate commerce.

17.     Defendant's wrongful acts and omissions as set out above related to repeated statements to Plaintiff and other employees that Plaintiff was "too old" to work as a driller, denying him equipment, and terminating his employment in favor of a much younger employee with less experience than Plaintiff are proximate cause of Plaintiff's harm including lost income.  Plaintiff seeks back-pay, front-pay, restoration of lost benefits, reinstatement to his prior position and statutory attorney fees.

18.    Plaintiff is also entitled to liquidated damages under the ADEA because Defendant's age discrimination was intentional.

**VII.**

**<ins>RETALIATION UNDER TITLE VII</ins>**

19.     The facts plead herein clearly demonstrate that Defendant unlawfully retaliated against Plaintiff because he opposed a practice made unlawful by Title VII.  Plaintiff reported to Defendant his opposition to its unlawful discrimination and harassment based on race and filed a complaint with the EEOC.  Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a).  Defendant subjected Plaintiff to an adverse employment action in retaliation against Plaintiff as a result of Plaintiff's

opposition, and a causal link exists between the protected activity and the Defendant's actions.  Any other reasons by Defendant for the adverse employment actions are merely pretexts.

## VIII.

## RACIAL DISCRIMINATION UNDER 42 U.S.C. §1981

20.     Plaintiff is a member of a protected class, the Latino/Hispanic race.

21.     At all times relevant, Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.  An employee subject to at-will termination under Texas law nevertheless has an implied "contract" with his employer that unlawful racial discrimination will not be allowed that meets the §1981 requirements to maintain an action against an employer for its breach.  *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

22.     During the course of Plaintiff's employment, Defendant violated Plaintiff's rights by depriving Plaintiff of his right to the enjoyment of all benefits, privileges, terms and conditions of Plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C. §1981(b).

23.     During the course of Plaintiff's employment with Defendant, Plaintiff did not enjoy the same benefits, privileges, terms and conditions of employment as did white employees.

24.     Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described above, denied Plaintiff the full and equal benefits of all laws and

proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C. §1981.

25.    Through its actions and treatment of Plaintiff, Defendant intended to discriminate against Plaintiff on the basis of his race.

## XI.

## DAMAGES

26.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and losses entitling him to the following remedies:

a.    Back pay, including that amount of wages and employment benefits Plaintiff would have earned if he had not been subjected to Defendant's unlawful conduct less and wages, or workers' compensation benefits he received in the interim.  ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses monetary losses incurred as a result of loss of health, life, dental or similar insurance coverage.);

b.    Instatement to the promoted position for which Plaintiff was passed over;

c.    Front pay, if reinstatement is inappropriate;

d.    Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking medical treatment therefor, and loss of enjoyment of life; and

e.      Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## X.

## ATTORNEY FEES

27.    Plaintiff is entitled to an award of attorney fees (including expert fees) and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## XI.

## ADDITIONAL OR EXEMPLARY DAMAGES

28.    In addition to the previously alleged damages (which Plaintiff alternatively seeks), Plaintiff seeks exemplary damages for Defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure Plaintiff.  Plaintiff also seeks other and further relief including liquidated damages under the ADEA.

## XII.

## JURY DEMAND

29.    Plaintiff requests a trial by jury.

## XIII.

## PRAYER

30.    For these reasons, Plaintiff asks for judgment against Defendants for the following:

a.      Promotion to the Shop Foreman position;

b.      Back pay and front pay (if promotion is impossible); including all employment benefits attendant thereto;

c.      Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, medical expenses, and loss of enjoyment of life;

d.      Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e.      Exemplary damages;

f.      Attorney fees and court costs; and

g.      All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

_____/s/ DG_____
**DARREN GRANT** *Lead Attorney*
State Bar No. 24012723
**MATTHEW B. FLANERY**
State Bar No. 24012632
**GRANT & FLANERY, P.C.**
216 W. Erwin, Suite 200
Tyler, Texas 75702
(903) 596-8080 (Telephone)
(903) 596-8086 (Facsimile)
Darren@GFTexas.com

**ATTORNEYS FOR PLAINTIFF**